IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUTH D. PHILON,                          :

      Plaintiff,                         :

vs.                                       :

                                CIVIL ACTION 07-0054-M

MICHAEL J. ASTRUE,[1]                     :
Acting Commissioner of
Social Security,                          :

      Defendant.                         :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (Docs. 1, 15).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 18).

Defendant has filed a Motion and Memorandum for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the

---

[1]Effective February 1, 2007, Michael J. Astrue was confirmed by the Senate to serve as the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Defendant (Doc. 16).  Defendant has stated that Plaintiff's attorney has no objection to the motion (Doc. 16, p. 2).

Defendant states that

> [o]n remand by the Court, the Appeals Council will remand this case to an Administrative Law Judge (ALJ) for rehearing.  The ALJ will be directed to properly evaluate the residual functional capacity assessment of Dr. Fontana.  In addition, supplemental vocational expert testimony will be received, based on a hypothetical question which comprehensively describes Plaintiff's credible functional impairments, and which accurately assesses the requirements of Plaintiff's past relevant work.

(Doc. 16, pp. 1-2).  This is a tacit admission that Plaintiff's application was not appropriately considered and that this action should be reversed.  Without reviewing the substantive evidence of record, this Court accepts Defendant's acknowledgment of error.

It appears to the Court that the decision of the Secretary should be reversed and remanded.  Such remand comes under sentence four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this report, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Therefore, it is **ORDERED**, without objection from Plaintiff, that Defendant's Motion to Remand under sentence four be **GRANTED** (Doc. 16) and that this action be **REVERSED** and **REMANDED** to the Social Security

Administration for further administrative proceedings not inconsistent with

the orders of this Court.  Judgment will be entered by separate order.

DONE this 30th day of July, 2007.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE